IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 01-06 Erie |
| | ) |
| DONALD TURNER | ) |

**MEMORANDUM OPINION and ORDER**

Defendant Donald Turner was charged with one count of conspiracy to defraud the United States for the purpose of impeding and impairing the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of income taxes in violation of Title 18 U.S.C. § 371. On September 16, 2011, Mr. Turner was convicted by a jury of the charge in the indictment. On January 26, 2012, we sentenced Mr. Turner to a term of imprisonment of 60 months.

On the day of sentencing Mr. Turner filed a pro se document entitled "Notice of Jurisdiction Defects and Written Allocution in Lieu of Sentencing." ECF No. 244. This document was filed as a Motion for Order to Show Cause. In this motion Mr. Turner argued that H.R. 3190 (Public Law 80-722 or 18 U.S.C. § 3231) are illegal and unconstitutional because the attempted passage of H.R. 3190 was not enacted with a quorum necessary to do business. Mr. Turner concluded by requesting that he be immediately set free and have his United States Passport returned, or in the alternative to issue a show cause order to the government as to why he should not be immediately released from custody. We orally denied this motion at sentencing.

Presently before the Court is Mr. Turner's pro se "Motion to Vacate Illegally Imposed Sentence" construed by the Court as a Motion for Reconsideration of our oral denial at

sentencing of Mr. Turner's Motion for Order to Show Cause. ECF. No. 248. In his motion Mr. Turner reasserts his prior arguments centering on his argument that we lack jurisdiction due to the lack of a quorum in Congress when voting on and signing Public Law 80-722, thereby rendering 18 U.S.C. § 3231 void *ab initio*. We will deny Mr. Turner's motion.

In United States v. Potts, 2007 WL 3036847 (3rd Cir. Oct. 18, 2007), the United States Court of Appeals for the Third Circuit addressed this issue. In holding that section 3231 was properly enacted and is binding, the Potts court explained:

> Section 3231 of title 18 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, where an indictment charges a defendant with violating the laws of the United States, section 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948. Potts has provided no authority for his argument that there was a *sine die* recess between the votes of the House and Senate. The cases he cited stand for the contrary proposition. The statute relied upon for jurisdiction in this case was properly enacted and is binding. Section 3231 provides the district court with subject matter jurisdiction over drug distribution and murder charges such as Potts'.

Id. at *2 (citations omitted). See also United States v. Wolford, 362 Fed.Appx. 231, 232 (3rd Cir. 2008) (Wolford's "contention that he is being held in custody pursuant to an unlawful grant of jurisdictional authority because the criminal jurisdiction statute, 18 U.S.C. § 3231, was enacted by less than a quorum of Congress, is without merit. Section 3231 was properly enacted and is binding. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1947." Citing United States v. Risquet, 426 F.Supp.2d 310, 311 (E.D.Pa.2006)). See also Cardenas-Celestino v. United States, 552 F.Supp2d 962, 967 (W.D. Mo. 2008) (addressing the assertion that Congress had completely and fully adjourned *sine die* and concluding that "'There was no

2

*sine die* recess between the votes of the House and Senate; rather, there was an inter-session adjournment between these events. The House of Representatives passed Public Law 80-772 in the first session of the 80th Congress, while the Senate passed Public Law 80-772 during the second session of that Congress. This recess, however, was an inter-session, not a *sine die*, recess. Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress. Thus, Public Law 80-772 was passed by both houses before a *sine die* recess was called and, therefore, was properly enacted.'" (quoting United States v. Felipe, 2007 WL 2207804, *2 (E.D. Pa. July 30, 2007) (internal citations omitted)).

We find that we properly have jurisdiction over the crime for which Mr. Turner was indicted and our sentence was not illegally imposed. Accordingly, we will not vacate Mr. Turner's sentence and we will deny his motion for reconsideration of our oral order denying his Motion for Order to Show Cause.

AND NOW, to-wit, this 13th day of February, 2012, for the reasons stated above, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Reconsideration be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.,
Senior United States District Court Judge

cc: Donald Turner, aka Don Wood
18929-013
P.O. Box 9693
Erie, PA 16508